

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed July 23, 2007                                                                  **United States Bankruptcy Judge**

|  |  |  |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| TELEPHONE ELECTRONICS CORP., | § | Adversary No. 07-03056 |
| INC., JOSPEH FAIL, WALTER J. FRANK, | § | |
| JR., NANCY W. FAIL, HOLLIS RAY | § | |
| ATKINSON, KEVIN W., MCALEER JOEY F. | § | |
| GARNER, RONALD L. HUGHES, GARY D. | § | |
| EGGER, A. JOSEPH MITCHELL, JR., | § | |
| CONNIE F. MITCHELL, MICHAEL | § | |
| MITCHELL, and JEFFERY H. MIMS, In his | § | |
| Capacity as Chapter 7 Trustee for VarTec | § | |
| Telecom Inc., and related | § | |
| Debtors, | § | |
| Movants. | § | |

**Opinion & Order Denying Motion To Dismiss**

Came before the Court for hearing on July 17, 2007, Defendants', Joseph Mitchell, Jr., Connie F. Mitchell, and Ronald L. Hughes', herein after referred to as "Movants," Motion to Dismiss, filed on April 13, 2007.  Movants request the Court to dismiss Plaintiff's declaratory judgment action seeking rescission of an insurance policy, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having reviewed the motion, responses, and replies thereto, the Court is of the opinion that Movants' motion should be **DENIED.**

### I. Procedural Posture and Background

On May 28, 2004, Plaintiff issued an excess policy to TEC for, among other things, directors and officers coverage with a $25 million limit.

On November 1, 2004, VarTec, Inc., which is a subsidiary of TEC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas. On June 16, 2006, the Court entered an order converting the Chapter 11 case to a Chapter 7.

On October 21, 2006, Jeffery Mims, Trustee for VarTec Debtors, filed an adversary proceeding against specific former directors and officers of VarTec, including Movants.

On February 20, 2007, Plaintiff commenced the instant declaratory judgment action against, among others, TEC, Jeffery Mims as Trustee, and Movants. Plaintiff's complaint seeks to rescind the insurance policy issued to TEC, providing Directors and Officers coverage, and declare it void *ab intitio* due to alleged misrepresentations made by TEC and others during the application process.

On April 13, 2007, Movants filed this Motion to Dismiss, seeking the dismissal of Plaintiff's complaint for failure to give proper notice as required by Texas Insurance Code § 705.005. TEX. INS. CODE ANN. § 705.005 (Vernon 2005).

### II. Standard of Review

A rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Court should not dismiss a case for failure to state a claim upon which relief may be granted under Rule 12(b)(6) unless it

"appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). In reviewing a rule 12(b)(6) motion to dismiss, the "court must limit its scope of review to the face of the pleading and accept as true all well pleaded facts and view them in the most favorable light to the plaintiff." *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999). In a Rule 12(b)(6) motion to dismiss, the court's review of documents is limited to the motion, and any "documents that are attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) quoting *Venture Assoc's. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429 (7th Cir. 1993). A court should not be strained to find inferences favorable to the plaintiff, and should not accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005). A court may grant a Rule 12(b)(6) motion only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

### III. Analysis

Movants argue that under choice of law principles Texas law should be applied to the insurance policy and underlying Declaratory Action. Plaintiff on the other hand, contends that Mississippi law and not Texas law controls the case at bar. Specifically, the issue at this stage of the adversary proceeding is Texas Insurance Code § 705.005, which requires an insurer in a rescission action to give a 91-day notice of its intention to seek rescission to the insured. TEX. INS. CODE ANN. § 705.005 (Vernon 2005). Plaintiff's petition does not indicate whether notice was provided. Movants contend that the required notice was not given. Therefore, Movants

seek the dismissal of Plaintiff's declaratory judgment action for failure to comply with § 705.005.

The Court applies the choice of law rules of Texas, the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Texas, when a contract does not contain an express choice of law provision, a court must decide whether an applicable statute directs the court to apply the laws of a particular state. Lacking a statutory directive, a court must then determine which state has the most significant relation to the matter presented for determination. *Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337 (Tex. App. – Houston [14th Dist.] 2004, *pet. denied*); *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991); Restatement (Second) of Conflicts of Laws §§ 6, 188 (1971).

Movants argue that article 21.42 of the Texas Insurance Code requires the application of Texas law to this dispute. Although article 21.42 is discussed more fully below, Movants argue that this statute requires the insurance contract in question to be treated as a Texas insurance contract bringing in the notice requirement of § 705.005

### A. § 705.005

Section 705.005 of the Texas Insurance Code requires that insurers give the insured reasonable notice, defining reasonable notice as 90-days, when the insurer seeks to rescind the policy because of alleged misrepresentations. TEX. INS. CODE ANN. § 705.005 (Vernon 2005). "This statutory notice is an essential element of a defense based on misrepresentation." *See Womack v. Allstate Ins. Co.*, 296 S.W.2d 233 (Tex. 1957); *Prudential Ins. Co. of America v. Torres*, 449 S.W.2d 335, (Tex. Civ. App. – San Antonio 1969, *writ ref'd n.r.e.*). Movants seek a dismissal of Plaintiff's complaint on the grounds that Plaintiff's petition does not show when it

discovered the false answers in the application or when (if ever) it provided the required notice to the Mitchells and Hughes. Plaintiff argues that § 705.005 is only applicable to contracts made and issued in Texas pursuant to § 702.005.[1] Movants contend that article 21.42[2] applies and the policy must be treated as if it were created in Texas. Therefore, the policy being created in Texas pursuant to article 21.42 would give effect to § 705.005 and Plaintiff's complaint must be dismissed because Plaintiff did not provide Movants with the required notice before bringing the rescission action. However, as discussed below, article 21.42 does not apply to the case at bar and therefore § 705.005 has no effect in the present matter.

### B. Article 21.42

Under article 21.42 of the Texas Insurance Code "[a]ny contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy of contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes demand) should be without this State, or at home office of the company or corporation issuing the same." TEX. INS. CODE ART. 21.42 (Vernon 2005).

Article 21.42 has to be interpreted narrowly to avoid giving "extraterritorial effect" to its terms. *See*, *Aetna Life Ins. Co. v. Dunken*, 266 U.S. 389, 399, 45 S.Ct. 129, 69 L.Ed. 342 (1924) ("Texas statute was incapable of being constitutionally applied to [insurance contract], since the effect of such application would be to regulate business outside the state of Texas, and control

---

[1] "Except as provided by Section 705.005, this subchapter applies to each insurance policy issued or contracted for in this state." TEX. INS. CODE ANN. § 705.005 (Vernon 2005).

[2] "Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be **held to be a contract made and entered into under and by virtue of the laws of this State** relating to insurance…" TEX. INS. CODE ART. 21.42. (Emphasis added)

contracts made by citizens of other states in disregard of their law."); *See also*, *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 701 (Tex. 1968).

According to courts construing article 21.42, the statute applies to insurance contracts when three prongs are met: (1) the insurance proceeds are payable to a Texas citizen or inhabitant; (2) the policy is issued by an insurer doing business in Texas; and (3) the policy is issued in the course of the insurer's business in Texas. *Investors Ins. Co. of America v. Breck Operating Corp.*, 2003 WL 21056849 at *3 (N.D. Tex. 2003); *Hefner v. Republic Indem. Co. of America*, 773 F.Supp. 11, 13 (S.D.Tex. 1991); *General American Life Ins. Co. v. Rodriguez*, 641 S.W.2d 264, 267 (Tex. App. – Houston [14th Dist.] 1982, *no writ*).

Under the first prong, the insurance proceeds must be payable to a Texas citizen or entity. In this case the insurance proceeds are payable to Texas citizens, i.e., Movants Joseph Mitchell, Jr., Connie F. Mitchell and Ronald L. Hughes. "This policy shall pay the loss of each and every Director, Officer or Employee." *See* the American International Companies Directors, Officers and Private Company Liability Insurance Policy, Policy No. 347-73-62 at 1, ¶ 1; *See* Federal Policy at 3 of 6, ¶ 1, incorporating coverage of primary policy. Therefore, the first prong of the article 21.42 requirements is met.

The second requirement requires that the insurer do business in the state of Texas. Federal Insurance Company has been authorized to do business in Texas since 1904. *See*, *https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=28750&companyName=Federal%20Insurance%20Company&sysTypeCode=CL*. As such, the second requirement of article 21.42 is also met.

The third and last requirement is that the insurance policy in contention be issued in the course of the insurer's business in Texas. The Fifth Circuit has adopted a narrow interpretation

of article 21.42. *See, Howell v. American Live Stock Ins. Co.*, 483 F.2d 1354 (5th Cir. 1973). In Howell, the panel held that article 21.42 assured "that Texas law would apply to contracts made between Texas citizens and insurance companies doing business in Texas *when and only when* those contracts are made in the course of the company's Texas business." *Id.* at 1359 (citing *Austin Bldg. Co. v. Nat'l Union Fire Ins. Co.*, 432 S.W.2d 697, 701 (Tex. 1968). (emphasis original). In *Howell* the contract in dispute was created and executed in New Mexico, the insured was a Texas resident, and the defendant, an out of state insurance company, did business in Texas. However, the panel in *Howell* refused to apply article 21.42 because the policy was issued in the defendant's course of New Mexico business and not in the course of its Texas business. *Howell* determined that the focus should be upon where the contract was made and executed in deciding whether the contract was issued in the course of the insurer's Texas business. *Howell*, 483 F.2d at 1360 -1361.

The Federal policy was issued to TEC, a Mississippi corporation, at its headquarters in Mississippi. Federal and TEC negotiated and contracted together in the creation of the insurance policy in Mississippi. TEC is a Mississippi corporation with its principal place of business in Mississippi. *See* Complaint ¶¶1, 8. Moreover, Nancy Fail, who is located in Mississippi, signed the application of the insurance policy and all the negotiations for the policy involved only TEC employees and counsel in Mississippi. *Id.* at ¶¶ 9, 21, 47, 55, 62. There is nothing to suggest that Federal issued this policy in the course of its business in Texas. The mere fact that Movants, being Texas citizens were insured as former officers and directors under the policy does not make the police issued within the course of Federal's Texas business. *See, Scottsdale v. National Emergency Services, Inc.*, 175 S.W.3d 284 (Tex. App. – Houston [14th Dist.] 2004, *no pet.*) ("It is not enough for the application of article 21.42 that one of…[the] affiliates and certain…

insured[s] are Texas residents so that insurance proceeds would be payable in some instances to a citizen or inhabitant of Texas.")

The Federal policy was created and executed in Mississippi. Therefore, applying the principles articulated in *Howell*, the policy was issued in the course of the Plaintiff's Mississippi business as opposed to in the course of its Texas business. Because Movants fail to satisfy all three prongs as required, article 21.42 is inapplicable to the case at hand and Texas law does not govern this dispute. "Allowing application of Texas law to the contract in the case at bar would be giving extraterritorial effect to Art. 21.42, and the proposed statutory directive will not trump the most significant relationship test." *TV-3, Inc. v. Royal Ins. Co*., 28 F.Supp.2d 407 (E.D. Tex. 1998).

### C. Significant Relationship Test

Federal courts sitting in diversity must follow and apply the conflict of law principles of the forum state.[3] *See*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co*., 313 U.S. 487; *NCH Corp. v. Broyles*, 749 F.2d 247, (5th Cir. 1985); *Spurlin v. Merchants Ins. Co*., 57 F.3d 9, 10 (1st Cir.1995); *In re Global Ind. Technologies, Inc*., 333 B.R. 251, (Bankr. W.D. Pa. 2005).

Except in instances where a contract has a valid choice of law clause that applies, Texas courts apply the substantive law of the state with the most significant relationship to the

---

[3] There are some courts that hold that in determining choice of law, Bankruptcy courts have discretion. Bankruptcy courts need not "[a]pply the choice of law rules of the forum state in which it sits ... [but rather] may exercise its independent judgment and choose whatever substantive law it deems appropriate in the context of the case before it...." *Matter of Morris*, 30 F.3d 578 (7th Cir. 1994) quoting, *Woods-Tucker Leasing Corp. v. Hutcheson-Ingram Development Co.,* 642 F.2d 744, 748 (5th Cir.1981) (after rehearing); *See also*, *In re Wallace Lincoln-Mercury Co., Inc.,* 469 F.2d 396, 400 n. 1 (5th Cir.1972); Eugene Scoles & Peter Hay, *Conflict of Law,* § 23.15 (2d ed. 1992) (collecting cases); *cf. Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 162, 67 S.Ct. 237, 239-40, 91 L.Ed. 162 (1946). However, this Court need not resolve the ongoing conflict among the courts for under either approach Mississippi law would apply to the policy in controversy.

particular dispute at issue. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984); *See also*, Restatement (Second) Of Conflict Of Laws §§ 6, 145, 188 (1971).

"A court subject to constitutional restrictions will follow a statutory directive of its own state on choice of law. When there is no such directive, the factors relevant to the choice of the applicable rule of law include: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and relative interest of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the base policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and; (7) ease in the determination and application of the law to be applied." *Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337, (Tex. App. – Houston [14th Dist], 2004, *pet. denied*); Restatement (Second) on Conflicts of Laws §6 (1971).

"The relevant factors specific to contract disputes include: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Minn. Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735-36, (Tex. 1997); Restatement (Second) on Conflicts of Laws § 188(2).

Utilizing the relevant factors as listed under the Restatement (Second) on Conflicts of Law § 188(2) leads the Court to the conclusion that the policy was created, negotiated, and had a place of performance all in the state of Mississippi. The location of the subject matter, i.e., coverage for TEC is Mississippi because TEC is a Mississippi corporation, and its principal place of business is in Mississippi. Plaintiffs issued the policy to TEC at its headquarters in Jackson, Mississippi. The policy contains a "Mississippi Cancellation/Nonrenewal Amendatory Endorsement," giving some indication that the parties understood the contract to be controlled by

Mississippi's laws and regulations.  The only connection that the policy has with Texas would be that the Movants are all citizens of Texas.  This, however, is not enough to trigger Texas law's application over a policy with such overwhelming connections to Mississippi.  Mississippi has a strong interest in the outcome of an insurance coverage dispute that involves a Mississippi insurer, Federal, an insurer doing business in Mississippi, and its contractual relationship with their insured, TEC, a company principally operating in Mississippi.

### IV. Conclusion

Article 21.42 does not apply in the instant matter as the Movants failed to satisfy all three prongs as required, and Texas law does not govern pursuant to article 21.42.  Furthermore, because article 21.42 does not apply,  § 705.005 of the Texas insurance code is also inapplicable.  Lastly, under the "most significant relationship" test, Mississippi law controls.  Therefore, Movants' Motion to Dismiss is hereby **DENIED.**

**IT IS SO ORDERED**.


### End of Order###